IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KLAMATH SISKIYOU WILDLANDS CENTER**, *et al.*,

        Plaintiffs,

v.

**KATRINA SYMONS**, in her official capacity as Glendale Field Manager, *et al.*,

        Federal Defendants,

and

**D.R. JOHNSON LUMBER CO.**, an Oregon corporation,

        Defendant-Intervenor.

Civ. No. 03 - 3124 - CO

[proposed] **ORDER REGARDING PERMANENT INJUNCTIVE RELIEF**

Plaintiffs in the above-captioned case challenged the decisions for the Cow Catcher and Cottonsnake timber sales, which are located on the Roseburg and Medford Districts, respectively, of Bureau of Land Management ("BLM") land in Oregon. Plaintiffs also challenged the BLM's 2001 and 2003 Annual Species Reviews ("ASRs"). The Cow Catcher decision relied upon the 2001 ASR, and the Cottonsnake timber sale decision relied upon the 2001 and 2003 ASRs. The Court granted summary judgment to Defendants on Plaintiffs' challenges to the ASRs in an order of February 21, 2006 (Dkt. #178), which was appealed by Plaintiffs to the Ninth Circuit on March 7, 2006. (Dkt. #180).

In an opinion and order of November 6, 2006, the Ninth Circuit reversed the judgment of this Court on the claims in Plaintiff's appeal and directed the entry of an injunction enjoining the Cow Catcher and Cottonsnake timber sales from going forward. Klamath Siskiyou Wildlands Ctr. v. Boody, 468 F.3d 549, 562 (9th Cir. 2006). The Ninth Circuit held that, because the 2001 and 2003 ASRs violated the Federal Land Policy and Management Act ("FLPMA") and the National Environmental Policy Act ("NEPA"), "the Cow Catcher and Cottonsnake timber sales are invalid and must be enjoined because they do not 'conform to the approved [resource management] plan[s].'" Id. (quoting 43 C.F.R. § 1610.53).

The mandate from the Ninth Circuit in Plaintiffs' appeal of the above-captioned case was issued on December 29, 2006. (Dkt. #201). The parties have submitted a joint stipulation regarding Defendant-Intervenor's request to remove log decks from the Cow Catcher timber sale area.

This Court now having jurisdiction following remand from the Ninth Circuit, it is hereby ORDERED that the Decision Records for the Cow Catcher and Cottonsnake Timber Sales are SET ASIDE in accordance with 5 U.S.C. § 706. It is further ORDERED that defendants are ENJOINED from implementing the Cow Catcher and Cottonsnake Timber Sales until such time that either sale conforms to the 2001 Survey & Manage Record of Decision ("ROD") or, in the alternative, a resource management plan that satisfies the FLPMA and NEPA deficiencies found by the Ninth Circuit in this case.

NOTWITHSTANDING the foregoing order, Defendant-Intervenor may remove log decks from along the road to unit 5 of the Cow Catcher Timber Sale in accordance with the terms of the Parties' stipulation.

It is further ORDERED that the Court shall retain jurisdiction over this case for the purpose of resolving any dispute between the parties regarding whether either of the timber sales conforms to the 2001 Survey & Manage ROD or, in the alternative, to a resource management plan that satisfies the FLPMA and NEPA deficiencies found by the Ninth Circuit in this case. To lift this injunction, defendants shall file an appropriate motion under Rule 60(b).

It is so ORDERED.

Dated: 12 Feb. 2007            Michael R. Hogan